| **Bituach Risk Partners LLC v Omni Strategy LLC** |
|:---:|
| 2026 NY Slip Op 30636(U) |
| February 19, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 655060/2025 |
| Judge: Nancy M. Bannon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 61M

------------------------------------------------------------------------------------X

BITUACH RISK PARTNERS LLC, GISELLE
ASSOCIATES LLC, CAPADS SYSTEMS LLC,LAKE
CONSULTING, LLC,MARAVEST II LLC,MENGLO
LLC,NYKOLAUS INZLICHT, ROCHELLE LICHTSCHEIN,
S AND B ADVISORS LLC,TTYY LLC,UTA OF KIRYAS
JOEL, INC.,YOUKORE ASSOCIATES INC.,BRONX
GRANDISON TRUST, EAGLE STRATEGIC ADVISORS
LLC, CONG. TFILLE LMOISHE OF KJ, SHINING LIGHT
IRREVOCABLE TRUST, TRADITION HOME CARE
SERVICES LLC,GDMH LLC,ELAINE PAPERMAN,
YISRAEL KLEIN, and 390 EQUITIES LLC

| | |
|---|---|
| **INDEX NO.** | 655060/2025 |
| **MOTION DATE** | 11/10/2025 |
| **MOTION SEQ. NO.** | 001 |

Petitioner,

**SECOND AMENDED
DECISION + ORDER ON
MOTION**

- v -

OMNI STRATEGY LLC and OMNI CAPTIVE LLC,

Respondent.

------------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 18, 19, 20, 21,
22, 23, 24, 25, 26, 27, 28, 30, 31, 32, 33, 34, 35

were read on this motion to/for          CONFIRM/DISAPPROVE AWARD/REPORT          .

*The court's Decision and Order dated February 6, 2026, is hereby amended to
correct the omission of a party in the caption and include both Exhibits 1-F and 1-G, as
per the subject arbitration award:*

The petitioners,  Bituach Risk Partners LLC, Giselle Associates LLC, CAPADS Systems

LLC, Lake Consulting, LLC,Maravest II LLC, Menglo LLC, Nykolaus Inzlicht, Rochelle Lichtstein,

S and B Advisors LLC,TTYY LLC, UTA of Kiryas Joel, Inc.,Youkore Associates Inc.,Bronx

Grandison Trust, Eagle Strategic Advisors LLC, Cong. Tfille Lmoishe of KJ, Shining Light

Irrevocable Trust, Tradition Home Care Services LLC, GDMH LLC, Elaine Paperman, Yisrael

Klein, and 390 Equities LLC, seek an order pursuant to CPLR 7510 confirming a Modified Final

Arbitration Award dated August 20, 2025, issued by a three-member panel of the American

Arbitration Association in Case No. 01-21-0016-3298, and pursuant to CPLR 7514 directing

entry of judgment thereon.

655060/2025   BITUACH RISK PARTNERS LLC ET AL vs. OMNI STRATEGY LLC ET AL          Page 1 of 4
  Motion No.  001

1 of 4

[* 1]

The respondents, Omni Strategy LLC and Omni Captive LLC, commenced the underlying arbitration seeking declaratory relief regarding the proper disposition of captive underwriting profits ("Captive Funds") generated through a wage parity captive insurance program. Petitioners are Class B members of respondents and beneficiaries of such profits pursuant to respondents' operating agreements. The arbitration was initiated following amendments to the Home Care Worker Wage Parity Law, Public Health Law § 3614-c(5-a), which became effective April 3, 2020. Respondents asserted that the amendments created uncertainty as to whether approximately $35 million in Captive Funds, derived from pre-effective-date premium payments, could be distributed to petitioners.

The Hon. Emily Pines (Ret.), the Hon. Leonard B. Austin (Ret.), former Appellate Division Justices, and Eugene Farber, Esq., constituted the arbitration panel pursuant to the agreements of the parties. Following bifurcated proceedings, the panel issued a Partial Final Award dated November 9, 2022, determining that § 3614-c(5-a) does not apply retroactively to the Captive Funds. The panel denied respondents' motion for reconsideration on May 12, 2023, including respondents' request that nonparty home health aides be provided notice of the arbitration.

After further proceedings addressing accounting and allocation issues, the panel issued a Final Award in July 2025 and subsequently a Modified Final Award dated August 20, 2025, correcting clerical language. The Modified Final Award directs respondents to distribute the Captive Funds and applicable investment returns to petitioners pursuant to approved allocation methodologies within thirty days of judicial confirmation.

Petitioners now seek confirmation. Respondents oppose the motion pursuant to CPLR 7511(b)(1)(iii), arguing that the panel exceeded its authority by declining to require notice to nonparty home health aides and by determining that the Wage Parity Law amendments do not apply retroactively.

Judicial review of arbitration awards is extremely limited. CPLR 7510 mandates confirmation unless vacatur is warranted under CPLR 7511. A party seeking vacatur bears a heavy burden and must establish by clear and convincing evidence that the arbitrators exceeded their powers or that one of the other narrow statutory grounds exists.

[* 2]

Vacatur further requires a showing of prejudice. Absent prejudice, a court lacks authority to disturb an arbitration award. An arbitrator exceeds authority only where an award violates strong public policy, is irrational, or clearly exceeds a specific limitation on arbitral power. Mere disagreement with an arbitrator's legal conclusions does not provide a basis for vacatur.

Here, respondents fail to establish any statutory ground for vacatur. At the outset, respondents concede that they have no financial interest in the Captive Funds and sought only declaratory relief. Respondents therefore cannot demonstrate prejudice, which alone defeats their application. In any event, the panel acted within its authority.

The panel's determination that Public Health Law § 3614-c(5-a) does not apply retroactively was squarely within the scope of issues submitted for arbitration. New York law presumes statutes operate prospectively absent clear legislative intent to the contrary. See Gottwald v Sebert, 40 NY2d 240 (2023); Matter of Regina Metropolitan Co., LLC v New York State Division of Hous. and Comm. Renewal, 35 NY3d 332 (2020); S.S. v Rockefeller Univ. Hosp., 239 AD3d 424 (1st Dept. 2025). The statute contains no express retroactivity provision. Even if respondents disagree with the panel's interpretation, such disagreement does not constitute an excess of arbitral power. Nor did the panel exceed its authority by declining to order notice to nonparty home health aides. The arbitration concerned contractual rights between respondents and petitioners. The panel properly exercised its discretion in refusing to expand the arbitration to non-signatories.

The court finds that the Modified Final Award was rendered by a duly constituted panel, within the scope of the arbitration agreements, and without corruption, partiality, misconduct, or excess of authority. Petitioners' application pursuant to CPLR 7510 is granted.

ORDERED that the petition is granted in its entirety; and it is further

ORDERED and ADJUDGED that the Modified Final Arbitration Award dated August 20, 2025, issued in American Arbitration Association Case No. 01-21-0016-3298, is confirmed in all respects pursuant to CPLR 7510; and it is further

655060/2025   BITUACH RISK PARTNERS LLC ET AL vs. OMNI STRATEGY LLC ET AL          Page 3 of 4
Motion No.  001

3 of 4

[* 3]

ORDERED that the Clerk of the Court shall enter judgment pursuant to CPLR 7514 in favor of petitioners Bituach Risk Partners LLC, Giselle Associates LLC, CAPADS Systems LLC, Lake Consulting LLC, Maravest II LLC, Menglo LLC, Nykolaus Inzlicht, Rochelle Lichtschein, S and B Advisors LLC, TTYY LLC, UTA of Kiryas Joel, Inc., Youkore Associates Inc., Bronx Grandison Trust, Eagle Strategic Advisors LLC, Cong. Tfille Lmoishe of KJ, Shining Light Irrevocable Trust, Tradition Home Care Services LLC, GDMH LLC, Elaine Paperman, Yisrael Klein, and 390 Equities LLC, in the respective amounts allocated to each petitioner as set forth in the Captive Statements attached as Exhibits 1-F and 1-G to the Modified Final Arbitration Award dated August 20, 2025, issued in American Arbitration Association Case No. 01-21-0016-3298, together with statutory interest pursuant to CPLR 5002 from August 20, 2025 through entry of judgment and post-judgment interest pursuant to CPLR 5003 until paid; and it is further

ORDERED that respondents Omni Strategy LLC and Omni Captive LLC shall distribute the Captive Funds and applicable investment returns to petitioners Bituach Risk Partners LLC, Giselle Associates LLC, CAPADS Systems LLC, Lake Consulting LLC, Maravest II LLC, Menglo LLC, Nykolaus Inzlicht, Rochelle Lichtschein, S and B Advisors LLC, TTYY LLC, UTA of Kiryas Joel, Inc., Youkore Associates Inc., Bronx Grandison Trust, Eagle Strategic Advisors LLC, Cong. Tfille Lmoishe of KJ, Shining Light Irrevocable Trust, Tradition Home Care Services LLC, GDMH LLC, Elaine Paperman, Yisrael Klein, and 390 Equities LLC, in accordance with the Modified Final Arbitration Award dated August 20, 2025, issued in American Arbitration Association Case No. 01-21-0016-3298, within thirty (30) days of service of notice of entry of this order.

This constitutes the Decision, Order, and Judgment of the court.

NANCY M. BANNON, J.S.C.

**HON. NANCY M. BANNON**

**2/19/2026**
**DATE**

CHECK ONE:

| | | | |
|---|---|---|---|
| ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |

**655060/2025 BITUACH RISK PARTNERS LLC ET AL vs. OMNI STRATEGY LLC ET AL** **Page 4 of 4**
**Motion No. 001**

4 of 4

[* 4]